**UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 15-05827-HB |
| | Chapter 7 |
| April Renata DeShields, | |
| | **ORDER DENYING APPROVAL OF** |
| Debtor(s). | **REAFFIRMATION AGREEMENT** |

**THIS MATTER** came before the Court for consideration of a Reaffirmation Agreement between April Renata DeShields and Springleaf Financial Services of South Carolina, Inc. (the "Reaffirmation Agreement").[1] Present at the hearing were DeSheilds and her counsel, Herman F. Richardson, Jr. who argued in support of approval of the Reaffirmation Agreement.

DeShields filed for Chapter 7 relief on October 30, 2015. DeShields' Schedule I indicates a monthly income of $2,253.79, which includes a contribution from her father in the amount of $351.00 for payments on a 2003 Chevy Avalanche and its insurance. DeShields' Schedule J indicates monthly expenses of $2,970.00, which includes a car payment in the amount of $239.00 per month for the 2003 Chevy Avalanche, leaving DeShields with a deficiency of $716.21 per month.

The Reaffirmation Agreement indicates that Springleaf Financial's debt is secured by a lien on the 2003 Chevy Avalanche, which is valued at $9,950. The Reaffirmation Agreement indicates a total balance of $6,267.77 to be paid under the Reaffirmation Agreement and payment terms of $239.73 per month for forty-two (42) months at 28.99% interest.  DeShields does not have adequate funds available each month to pay this debt,

---

[1] ECF No. 45.

even considering the contribution from her father; therefore, the presumption of undue hardship arises. The Reaffirmation Agreement indicates that DeShields' father drives the vehicle and gives DeShields funds each month to make the payments on the car and its insurance. DeShields was represented by Richardson during the course of negotiations but Richardson did not execute a certification in support of the Reaffirmation Agreement. At the hearing on the matter, Richardson explained that he does not customarily sign the certification when the presumption of undue hardship arises.

A debtor may reaffirm a debt in a chapter 7 case pursuant to 11 U.S.C. § 524(c) and remain personally liable on a debt which would have otherwise been discharged. *See In re Watson*, No. 10-04254-dd, 2010 WL 5169078, at *1 (Bankr. D.S.C. Aug. 10, 2010). Section 524(m)(1) of the Bankruptcy Code provides in relevant part:

> it shall be presumed that such agreement is an undue hardship on the debtor if the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's completed and signed statement in support of such agreement required under subsection (k)(6)(A) is less than the scheduled payments on the reaffirmed debt. This presumption shall be reviewed by the court. The presumption may be rebutted in writing by the debtor if the statement includes an explanation that identifies additional sources of funds to make the payments as agreed upon under the terms of such agreement. If the presumption is not rebutted to the satisfaction of the court, the court may disapprove such agreement[.]

DeShields has not rebutted the presumption of undue hardship to the satisfaction of the Court. DeShields does not have sufficient funds to make the monthly payments on this debt. Although DeShields' father customarily makes the payments on this vehicle, there is no guarantee that he will continue to make the payments each month or that DeShields will be able to afford the debt in the event her father is unable to do so. There has been no satisfactory showing to the Court that this vehicle provides any benefit to DeShields.

Therefore, for the reasons set forth above, the Reaffirmation Agreement between DeShields and Springleaf Financial is not approved.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**02/11/2016**



Entered: 02/11/2016

US Bankruptcy Judge
District of South Carolina